# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY BAILEY,

Petitioner,

v.

WARDEN BRIAN WILLIAMS, et al.,

Respondents.

Case No. 2:19-cv-01725-GMN-BNW

**ORDER**

Petitioner Anthony Bailey, a *pro se* Nevada prisoner, commenced this habeas action by filing an Application to Proceed *In Forma Pauperis* (ECF No. 1), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1-1), Declaration (ECF No. 1-2), Appendix (ECF No. 1-3), and Motion for Appointment of Counsel (ECF No. 1-4). This matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1]

Pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice, any person who is unable to prepay the fees in a civil case may request permission to proceed *in forma pauperis* ("IFP"). Indigent prisoners who do not have the money to pay the five dollar ($5.00) filing fee for a habeas petition may apply for IFP status. A prisoner's IFP application must be submitted on the form provided by the court and include specific financial documents. 28 U.S.C. § 1915; LSR 1-1, LSR 1-2. The Court has considered Bailey's IFP application along with the attached financial documents and concludes that he cannot pay the $5.00 filing fee. The IFP application will therefore be granted.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

1

petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Bailey challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County, Nevada. A jury found him of guilty of sexual assault without use of deadly weapon, possession or sale of document or personal identifying info to establish false status, and coercion. He was sentenced to life with the possibility of parole after 10 years for sexual assault, 16–48 months on the possession charge, running consecutive to the sexual assault, and six months for coercion, running concurrent to sexual assault.[2] Bailey alleges 17 grounds for relief. Having conducted an initial review of the petition, the Court will direct service of the petition and a response.

Turning to Bailey's motion for appointment of counsel, the motion will be denied. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). However, an indigent petitioner seeking relief under § 2254 may request the appointment of counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The court has discretion to appoint counsel when the interests of justice so require. 18 U.S.C. § 3006A(a)(2). The interests of justice so require "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). In the absence of such circumstances, a request for counsel in a § 2254 proceeding is addressed to the sound discretion of the district court. *Id*. (citing *Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962)). When a habeas petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions, no attorney is legally required. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

---

[2] The Court takes judicial notice of the proceedings in Bailey's criminal and post-conviction cases in the state courts. The docket records of the state courts may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

Bailey asserts that he is unable to afford counsel and he cannot represent himself because the substantive issues and procedural matters in this case are too complex for his comprehension and abilities. He also asserts that discovery will be necessary to obtain things he cannot obtain himself as an incarcerated inmate. As to discovery, the Court's review of a § 2254 petition is generally limited to the record that was before the state courts. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). At this juncture the Court cannot determine whether circumstances exist in this case that would nonetheless justify a grant of discovery, and the Court will not appoint counsel based on a speculative possibility of discovery. Although Bailey is serving a lengthy sentence, the state court docket and Bailey's petition show that the issues in this case are not particularly complex. Bailey has demonstrated sufficient ability to write and articulate his claims and requests in the petition and accompanying motion, and IFP application. Moreover, a review of Bailey's filings indicate he is sufficiently able to comprehend the "complex" issues raised by his habeas claims. Bailey has not shown that denial of counsel would violate due process. As such, the motion is denied without prejudice.

**IT IS THEREFORE ORDERED:**

1. Petitioner Anthony Bailey's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Petitioner is permitted to maintain this action to conclusion without paying the filing fee.
2. Bailey's Motion for Appointment of Counsel (ECF No. 1-4) is DENIED without prejudice.
3. The Clerk of Court is directed to file the petition (ECF No. 1-1).
4. The Clerk of Court is instructed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and electronically serve the Nevada Attorney General with a copy of the petition and this order.
5. Respondents will have 60 days from the date the petition is electronically served to appear in this action and answer or otherwise respond to the petition.

///

6. If Respondents file an answer to the petition, Bailey will have 60 days to file a reply to the answer. If Respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

7. Any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

8. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

9. Respondents must file the state court exhibits relevant to their response to the petition, in chronological order.

10. All state court records and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF

No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

11. A paper copy of any exhibits over 50 pages—for this case—must be delivered to the Las Vegas Clerk's Office and addressed to the attention of "Staff Attorney." Paper copies must be (i) file-stamped copies, bearing the document number assigned by the CM/ECF system, (ii) securely bound on the left side to display the document number, and (iii) tabbed to display exhibit numbers or letters on the right side or bottom of the copies. *See* LR IA 10-3(i); LR IC 2-2(g).

DATED: October 8, 2019

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE