# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BAILEY, | Case No. 2:19-cv-01725-GMN-BNW |
| Petitioner, | |
| v. | **ORDER** |
| WARDEN BRIAN WILLIAMS, et al., | |
| Respondents. | |

This habeas matter is before the Court on *pro se* Petitioner Anthony Bailey's renewed Motion for Appointment of Counsel (ECF No. 65), Motion to Strike Respondents' Reply (ECF No. 66), Emergency Motion for Order Permitting Bailey Daily Access to Law Library (ECF No. 70) ("Motion for Library Access"), and Motion to Strike Respondents' Motion to Dismiss (ECF No. 74). Respondents have opposed certain motions. (ECF Nos. 69, 72, 76.) Bailey filed a reply in support of his motion seeking access to the law library. (ECF No. 75.) Also before the Court is Respondents' Motion for Enlargement of Time (ECF No. 67).

Bailey has filed two motions asking the Court to strike documents filed by Respondents. A federal district court's inherent authority includes the power to strike improperly filed items from the docket as a sanction for litigation conduct. *See, e.g.*, *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 586–87, 588 (9th Cir. 2008); *Hernandez v. City of El Monte*, 138 F.3d 393, 404–05 (9th Cir. 1998). However, the Local Rules of Practice provide for a motion, a response, and a reply. LR 7-2. More specifically, the Court's scheduling order permitted Respondents to "answer or otherwise respond to the petition." (ECF No. 3 at 3.) His requests are improper and unsupported. The Court therefore denies the motions (ECF Nos. 66, 74.)

Nothing in Bailey's third request for appointed counsel causes the Court to change its decision that the appointment of counsel is unwarranted, as set forth in the prior orders. (*See* ECF Nos. 1-4, 3, 17, 19.) The appointment of counsel is not justified in this instance. Bailey's third request for the appointment of counsel is therefore denied.

The Motion for Library Access (ECF No. 70) alleges that Bailey needs physically access the law library but has been prohibited from doing so due to COVID-19 restrictions. Respondents oppose this motion, arguing he has not shown why he requires physical access since he has filed multiple motions and a 68-page opposition to their dismissal motion complete with legal citations. They further contend that Bailey fails to demonstrate why he needs physical—or daily—access to the law library, or show that he cannot send a kite or other form to the law library to request documents he seeks, consistent with his current practice. To the extent Bailey's motion addresses his pending civil rights cases, Respondents maintain that such arguments are more appropriately raised in those cases, not this habeas case.

As the Court stated in its most-recent order denying Bailey's second request for appointed counsel (ECF No. 19), Bailey is not alone in his struggle to manage the new challenges created by the COVID-19 pandemic. "The Court, judiciary employees, attorneys, and non-incarcerated *pro se* litigants are all facing disruptions due to the current health crisis." (*Id.*) The Court will not override reasonable health measures enacted by prison officials for the protection of all inmates and prison staff. Instead, as previously explained to Bailey, Court will extend his deadlines to the extent necessary to give him sufficient time to meet his briefing obligations. The motion is denied.

**IT IS THEREFORE ORDERED:**

1. Petitioner Anthony Bailey's renewed Motion for Appointment of Counsel (ECF No. 65), Motion to Strike Respondents' Reply (ECF No. 66), Emergency Motion for Order Permitting Bailey Daily Access to Law Library (ECF No. 70), and Motion to Strike Respondents' Motion to Dismiss (ECF No. 74) are DENIED.

2. Respondents' Motion for Enlargement of Time (ECF No. 67) is GRANTED *nunc pro tunc*. Their response (ECF No. 68) to Bailey's motion is therefore timely.

DATED: October 8, 2020

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE