UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| ANTHONY BAILEY, | Case No. 2:19-cv-01725-GMN-BNW |
|---|---|
| Petitioner, | |
| v. | **ORDER** |
| WARDEN BRIAN WILLIAMS, et al., | |
| Respondents. | |

    This habeas matter is before the Court on Petitioner Anthony Bailey's Motion Requesting Judgment (ECF No. 83)[1] and Request for Copy of Local Rules (ECF No. 86).

    The Motion Requesting Judgment (ECF No. 83) is 33 pages long, excluding the certificate of service, exhibit list, and exhibits. The Local Rules of Practice state, "[i]n cases in which the petitioner is not sentenced to death, … motions, responses to motions, and replies in support of motions are limited to *30 pages*, excluding exhibits." LSR 3-2(b) (emphasis added). Parties may request permission to exceed the page limitation; however, such motions are disfavored and permission to exceed page limits is "granted only upon a showing of good cause." LSR 3-2(c).

    Bailey did not request permission to exceed the 30-page limit for his Motion Requesting Judgment. Even if the Court were to imply such a request, Bailey does not show good cause to grant an exception. The Motion Requesting Judgment claims that Bailey suffers from medically acute illnesses, including diabetes, hypertension, and others, which are not being treated by the Nevada Department of Corrections' ("NDOC") infirmary at High Desert State Prison. (ECF No. 83 at 3.) He alleges that the denial of adequate medical care violates the Eighth and Fourteenth Amendments. (*Id*. at 24.) These allegations are not appropriate for review in a *habeas* action.

    Federal law provides two main avenues to relief on a prisoner's complaints related to

---

[1] The full title of the document Petitioner submitted is "Res Ipsa Loquitur / Show Cause / Motion Requesting Judgment / Nisi / Judgment Nihil (or Nil)Dict / Writ of Habeas Corpus 2254 / Denial of Medical."

1

incarceration: (1) a petition for habeas corpus, 28 U.S.C. §§ 2241, 2254, 2255; and (2) a complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). Claims that only involve a prisoner's conditions of confinement—instead of the validity of a conviction—are not proper on federal habeas review because " 'a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence'." *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (quoting *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003)). Such claims must be brought—if at all—in a civil rights complaint. *Id.* at 931.

Here, Bailey's Motion Requesting Judgment expressly alleges deliberate indifference to his medical needs under the Eighth and Fourteenth Amendments. His allegations are only tangentially related to his conviction. Instead, they are directly related to his conditions of confinement at High Desert State Prison. Claims related to his medical needs must be brought if at all—in a civil rights complaint. Bailey therefore fails to show good cause to exceed the 30-page limitation stated in LSR 3-2. The motion is denied.

The exhibits (ECF No. 83-1) attached to the Motion Requesting Judgment contained, among other things, Bailey's inmate request forms, grievances, NDOC case note printout reports, correspondence with NDOC officials, medical and mental health records, and documents from the underlying criminal case, including a report of the victim's sexual assault exam. The Clerk's office sealed the exhibits and issued a notice to Bailey informing him that the exhibits violated the Local Rules of Practice:

> CLERK'S NOTICE of violation of Local Rules. Action Required to the Exhibits submitted with ECF No. 83 . The Exhibits were not redacted pursuant to LR IC 6-1. Plaintiff is advised to correct the deficiencies and file a redacted version of the Exhibits using the event "EXHIBIT" and indicate they should be linked to ECF No. 83 Motion.

(ECF No. 84.) The Request for Copy of Local Rules (ECF No. 86) states that Bailey is an indigent prisoner and cannot comply with the Clerk's order. He asks the Court for a "courtesy copy" of the Local Rules of Practice and the Federal Rules of Civil Procedure, claiming that the prison law library is not responding to his requests. Absent a grant of this request, he contends that Respondents are at a tactical advantage and his due process rights will be violated.

Generally, a prisoner has no constitutional right to free photocopying or to obtain court documents without payment. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). The constitutional right of access to the courts requires prison authorities to help inmates prepare and file "meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law," *Bounds v. Smith*, 430 U.S. 817, 828 (1977); it does not impose an obligation "to finance and support prisoner litigation," *Lewis v. Casey*, 518 U.S. 343, 384–85 (1996). The Local Rules of Practice state that *in forma pauperis* status does not waive a person's "responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915." LSR 1-6. Section 1915 does not authorize any public funds to be spent for expenses such as copies. In short, nothing in the Federal Rules of Civil Procedure, the Local Rules, or established case law allows the fees and costs of a civil action be financed or subsidized by the courts or respondents.[2]

The rule cited in the Clerk's notice—LR IC 6-1(a)—requires that parties refrain from including (or partially redact where inclusion is necessary) "personal-data identifiers" from all documents filed with the court, including exhibits, unless the court orders otherwise. Personal-data identifiers include social security numbers, names of minor children, dates of birth, home addresses, financial account numbers, and tax identification numbers. Sensitive health information, including medical and psychological records, is also considered personal-data identifiers. *Cf. Abbey v. Hawaii Employers Mut. Ins. Co.*, 760 F. Supp. 2d 1005, 1013 (D. Haw. 2010) (the need to protect medical privacy generally qualifies as a "compelling reason" for sealing court records); *see also* NRS 433A.715(1) (requiring courts to seal records related to mental health treatment).

Bailey's due process rights will not be violated by the denial of his Request for Copy of Local Rules (ECF No. 86). First, having reviewed and considered Bailey's exhibits in accordance

---

[2] Pursuant to 28 U.S.C. § 1914, the Judicial Conference has adopted a schedule of fees for copying and related services provided by the United States Courts. A fee of 50¢ per page is charged for court staff to reproduce any record or paper filed in a case. However, the Court does not allow prisoners or any other litigants to accrue copy fees—payment is required at the time a request is made. LR IC 1-1(i)(5) (paper copies of filed documents may be obtained from the Clerk's office after payment of copying fees).

with the Ninth Circuit's directives set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that the compelling need to protect medical privacy outweighs the public's interest in access to the exhibits.  Thus, although the Motion Requesting Judgment has been denied, the exhibits will remain sealed and Petitioner is no longer required to file redacted copies of those exhibits.[3]  Second, his request is patently unreasonable. He was told to comply with one rule, which is less than one page in length, yet he asks for a "courtesy copy" of the Local Rules of Practice and the Federal Rules of Civil Procedure— hundreds of pages long.  Prisoners may not circumvent NDOC regulations or the Court's standard fees and obtain free copies by simply asking the Clerk's office to prepare such copies.  Bailey's request is denied.

**IT IS THEREFORE ORDERED:**

1. Petitioner Anthony Bailey's Motion Requesting Judgment (ECF No. 83) and Request for Copy of Local Rules (ECF No. 86) are DENIED.
2. Bailey's Exhibits (ECF No. 83-1) will remain under seal and he is no longer required to file redacted copies of those exhibits.
3. In all future filings, Bailey will comply with LR IC 6-1(a) and refrain from including (or partially redact, where inclusion is necessary) all personal-data identifiers.

DATED: February 19, 2021

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

---

[3] The Court finds that, in this situation, requiring redactions is impractical given Petitioner's incarceration and the vast number of personal data identifiers in the exhibits. *See Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1136–37 (9th Cir. 2003).