**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANTHONY BAILEY,

                   Petitioner,

    v.

WARDEN BRIAN WILLIAMS, et al.,

                   Respondents.

Case No. 2:19-cv-01725-GMN-BNW

**ORDER**

Petitioner Anthony Bailey, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 4). Currently before the Court is the respondents' Motion to Dismiss (ECF No. 12). Bailey opposed (ECF No. 59), and respondents replied (ECF No. 63). Also before the Court is Bailey's Motion to Set Aside Repugnant Verdict (ECF No. 64), respondents' opposition (ECF No. 68), and Bailey's reply (ECF No. 73). In addition, Bailey filed a Motion Seeking Abeyance Pending Exhaustion (ECF No. 88) and respondents opposed (ECF No. 89).

## I.    Procedural History and Background

A jury found Bailey guilty of one count of sexual assault with a deadly weapon, two counts of possession or sale of document or personal identifying information to establish false status or identity, and one count of misdemeanor coercion (Ex. 255).[1] On December 17, 2014, the state district court entered the judgment of conviction, adjudicated Bailey a habitual criminal, and sentenced him to a maximum term of life with the possibility of parole after a minimum of 10 years, plus a consecutive term of 16-48 months (Ex. 282). Bailey appealed (Ex. 307).

The Nevada Supreme Court affirmed Bailey's conviction (Ex. 330). Bailey then filed a state habeas petition and following an evidentiary hearing, the state district court denied Bailey's

---

[1] The exhibits cited in this order, comprising the relevant state court record, can be located at ECF No. 23 to ECF No. 57 of the Court's docket.

habeas petition (Exs. 319 & 361).  The Nevada Court of Appeals affirmed the denial of his state postconviction habeas petition (Ex. 388). On October 3, 2019, Bailey filed his federal habeas petition (ECF No. 4). Respondents move to dismiss Grounds 1(a), 6(a)[2], and 8 as being unexhausted and argue Grounds 1(a), 2(a), 3(a), 5(a), 14, 16, and 17 are not cognizable in federal habeas.

## II.    Legal Standards & Analysis

### a.    Cognizability

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. *McGuire*, 502 U.S. at 68. Respondents argue that Grounds 1(a), 2(a), 3(a), 5(a), 14, 16, and 17 are not cognizable in federal habeas.

### i.    Grounds 1(a) and 17

In Ground 1(a), as discussed above, Bailey alleges that his rights were violated when the trial court permitted amendment to the charging document and cites the Fourth Amendment in support of this claim (ECF No. 4 at 3).  In Ground 17, Bailey alleges that his wallet was subject to an unlawful search and seizure in violation of the Fourth Amendment and the trial court erred when it denied his motion to suppress (*Id.* at 37).  Respondents assert that Grounds 1(a) and 17 are precluded by *Stone v. Powell*, 428 U.S. 465, 494 (1976).  Bailey argues that his claims comply with *Duncan v. Henry*, 513 U.S. 364 (1995).[3]

---

[2] Respondents, however, withdrew their assertion that Ground 6(a) is unexhausted after reviewing Bailey's opposition (ECF No. 63 at 4).

[3] The Supreme Court in *Duncan* ruled on an issue of exhaustion finding that the habeas petitioner failed to exhaust his claim that was only somewhat similar to a claim that was alleged in state court.

In *Stone*, the Supreme Court held that when "the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial." *Id. See also Kimmelman v. Morrison*, 477 U.S. 365, 375–76 (1986); *Hampton v. Wyant*, 296 F.3d 560, 563 (7th Cir. 2002) (noting that "error on a fourth amendment issue does not support a writ of habeas corpus"). The *Stone* doctrine applies "whether or not the claims were actually adjudicated on the merits and whether or not they involved an unreasonable application of Supreme Court law or unreasonable determination of the facts." *Newman v. Wengler*, 790 F.3d 876, 878 (9th Cir. 2015). Thus, the "relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Id.* at 880 (quoting *Ortiz–Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996)). The petitioner bears the burden of establishing that the state courts did not provide a full and fair opportunity for litigation of the Fourth Amendment claim. *Woolery v. Arave*, 8 F.3d 1325, 1326-27 (9th Cir.1993); *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir.1977). If the petitioner does not carry that burden, the Fourth Amendment claim must be dismissed.

The record shows that Bailey had a full and fair opportunity to litigate Ground 8. Bailey raised the claim that the state district court erred in denying his motion to suppress on direct appeal (ECF No. 49-17). In affirming the conviction, the Nevada Supreme Court concluded that the wallet was in the victim's home and the search was lawfully conducted pursuant to the victim's consent (ECF No. 51-3). Therefore, Ground 8 is dismissed as noncognizable in federal habeas.

Bailey's reliance on the Fourth Amendment for Ground 1(a) is unclear as he merely cites to the Fourth Amendment without further discussion. Although respondents also argue that Ground 1(a) is unexhausted and subject to denial on that basis, the Court has the power to deny unexhausted claims on the merits where it is perfectly clear that the claims are not "colorable." *See Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005); *see also Chaker v. Crogan*, 428 F.3d 1215, 1221 (9th Cir. 2005). To the extent that Bailey relies on the Fourth Amendment in Ground 1(a), he had the opportunity to seek relief in the state court and consideration of the merits of this ground

is prohibited under *Stone*.

### ii.   Grounds 2(a) and 16

In Ground 2(a), Bailey alleges that he was convicted of sexual assault without use of deadly weapon, an offense that does not exist under Nevada law, in violation of his Sixth and Fourteenth Amendment rights (ECF No. 4 at 5).  In Ground 16, Bailey asserts that the state appellate court denied his claim that he did not receive a fair trial when he was not permitted to impeach the State's forensic witness with evidence to establish that the forensic scientist falsified documents and because the state failed to turn over a toxicology report in violation of his Sixth and Fourteenth Amendment rights (*Id.* at 34).  Respondents assert that Grounds 2(a) and 16 are state law claims that do not warrant federal habeas relief as they are dependent on the interpretation of Nevada law.

When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *McGuire*, 502 at 67–68.  Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. *McGuire*, 502 U.S. at 68. Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *McGuire*, 502 U.S. at 67.  A petitioner "cannot, merely by injecting a federal question into an action that asserts it is plainly a state law claim, transform the action into one arising under federal law." *Caterpillar v. Williams*, 482 U.S. 386, 399 (1987); *accord Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) ("A petitioner may not 'transform a state law issue into a federal one merely by asserting a violation of due process . . . '") (quoting *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996)).

Here, in Ground 2(a), Bailey relies on state law for his conclusion that the crime for which he stands convicted is nonexistent. The state courts rejected his argument based on an interpretation of state law.  Although the imposition of a conviction for a nonexistent offense violates the due process clause of the Fourteenth Amendment, Bailey does not actually implicate any such due process concerns. *See Ex Parte Royall*, 117 U.S. 241, 248 (1886).  Bailey does not suggest that the crime for which he was convicted was decriminalized after his judgment became

final or that he was convicted of a crime which a later retroactively applicable state decision overturned prior precedent. Bailey instead contended that his conviction is based on a nonexistent statute because the statute in question, NRS 200.366, did not have "without use of a deadly weapon" in the name of the crime (ECF No. 4 at 5). The Nevada Supreme Court, however, affirmed that NRS 200.366's definition of the offense does not require the use of a deadly weapon (ECF No. 51-3 at fn 2). Accordingly, Ground 2(a) fails to state a cognizable claim for federal habeas relief.

The Court agrees with respondents that the claims presented in Ground 16 are challenges to evidentiary rulings that concern matters of state law. Habeas relief is available for a challenge to state court evidentiary rulings only if the rulings render the trial "so fundamentally unfair as to violate federal due process." *Jeffries v. Blodgett*, 5 F.3d 1180, 1192 (9th Cir. 1993). Bailey fails to establish that the evidentiary rulings rendered his trial fundamentally unfair. The Nevada Court of Appeals affirmed that Bailey was not improperly precluded from impeaching forensic witnesses because the State did not present DNA evidence and Bailey's proffered impeachment evidence would lead to jury confusion (ECF No. 51-3 at 5). The Nevada Court of Appeals further concluded that the State did not have a duty to disclose the victim's toxicology report because it was not in the State's possession (*Id.* at 5-6). Accordingly, Ground 16 arises under state law and is not a cognizable claim for federal habeas relief.

### iii.    Grounds 3(a) and 5(a)

In Ground 3(a), Bailey alleges that his pretrial counsel was rendered ineffective for failing to raise a claim that the state district court did not have jurisdiction over his criminal matter (ECF No. 4 at 7). In Ground 5(a), Bailey alleges that his appellate counsel was ineffective for failing to raise a claim that the victim perjured herself at trial. Respondents argue that Bailey failed to properly plead specific facts that would point to the possibility of constitutional error and that Grounds 3(a) and 5(a) should be dismissed as conclusory.

In federal habeas proceedings, mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005).

A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In Ground 3(a), Bailey alleges without elaboration that his pretrial counsel was rendered ineffective for failing to object to the state district court's jurisdiction based on the assertion that the victim made false statements (ECF No. 4 at 7). A habeas petition must state facts that point to a real possibility of constitutional error. Bailey failed to offer factual allegations to demonstrate that his counsel's representation fell below an objective standard of reasonableness for failing to object to the state district court's jurisdiction. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). Bailey further failed to present facts that, if proven true, would establish that, but for counsel's alleged deficiency, the outcome of the proceedings would have been different. *Id*. at 694. Bailey has not set forth any factual allegations to support Ground 3(a). In his opposition to Respondent's motion to dismiss, Bailey concedes that Ground 5 is not cognizable. Accordingly, Grounds 3(a) and 5(a) fail to state a cognizable claim for federal habeas relief.

### iv.    Ground 14

In Ground 14, Bailey alleges that his appellate counsel rendered ineffective assistance for failing to raise a claim objecting to Bailey's eligibility to be sentenced as a habitual criminal because his prior convictions were inadequate to support a habitual sentence (ECF No. 4 at 29). Bailey asserts that he was not provided with a copy of the prior judgment of conviction used in his sentencing and that the prior convictions were either overturned, too remote in time, or had previously been used in a different habitual criminal sentence. (*Id*. at 30). Respondents argue that Ground 14 is not cognizable because Bailey cannot attack his prior convictions used to enhance his sentence pursuant to *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394 (2001) (ECF No. 12 at 14).

In *Lackawanna*, the United States Supreme Court determined that a petitioner may not use a habeas challenge to a current conviction to attack a prior conviction that is no longer open to direct or collateral attack in its own right. 532 U.S. at 403. A state conviction no longer open to

direct or collateral attack may be regarded as "conclusively valid." *Id.*  Accordingly, a petitioner may not challenge his present custody on grounds that the prior conviction was not valid. *Id.*  In construing Bailey's claim, however, the Court considers Ground 14 an ineffective assistance of appellate counsel claim based on his counsel's failure to object to Bailey's eligibility to be sentenced as a habitual criminal.  In its order of affirmance, the Nevada Court of Appeals similarly addressed the claim as an ineffective assistance of counsel claim.  Accordingly, Respondent's motion to dismiss Ground 14 is denied.

### b.  Exhaustion

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A).  This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).  "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999).  To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).  A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

A state appellate court decision on the merits of a claim of course exhausts the claim.  *E.g.*, *Comstock v. Humphries*, 786 F.3d 701, 707 (9th Cir. 2015).  "In the exhaustion context, the Supreme Court has admonished lower courts that the complete exhaustion requirement is not intended to 'trap the unwary *pro se* prisoner'." *Davis v. Silva*, 511 F.3d 1005, 1009 n.4 (9th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (rejecting argument that petitioner

should be limited to claims in an initial federal petition after returning to federal court from state exhaustion proceedings)).  "More generally, the Court has held *pro se* pleadings to a less stringent standard than briefs by counsel and reads *pro se* pleadings generously, 'however inartfully pleaded'." *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)).

### i.   Ground 1(a)

In Ground 1(a), Bailey alleges that the state district court permitted amendment to the charging instrument after presentation of evidence and trial testimony in violation of his Fourth, Sixth, and Fourteenth Amendment rights (ECF No. 4 at 3).  As discussed above, the Court finds that Ground 1(a) is not cognizable to the extent that it relies on the Fourth Amendment.  Bailey, however, presents a colorable substantive claim that his Fourteenth Amendment rights were violated when the state district court permitted amendment to the charging instrument after the presentation of evidence and trial testimony.  Respondents argue that Bailey raised an ineffective assistance of counsel claim in Ground 1(b) in his postconviction appeal, but failed to raise the underlying substantive claim (ECF No. 12 at 9-10).  Bailey argues that he presented the claim in his postconviction petition and a motion filed in state district court that was titled "motion requesting of the court to issue its order providing Bailey an evidentiary hearing" (ECF Nos. 51-11).

As respondents recognize, the ineffective assistance claim is exhausted.  The underlying substantive claim, however, is not. *See Kimmelman v. Morrison,* 477 U.S. 365, 374, fn 1 (1986); *see also Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005) (*"*While admittedly related, they are distinct claims with separate elements of proof, and each claim should have been separately and specifically presented to the state courts").  Bailey asserts that he exhausted his claim in his motion filed in state district court.  That, however, was a procedurally defective means of exhausting this claim. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that exhaustion cannot be achieved by procedurally deficient or improper means).  Bailey has never presented to the state's highest courts in a procedurally correct manner a substantive claim that the state district court erred by permitting amendment to the charging instrument after trial testimony and the

presentation of evidence.  Accordingly, the Court finds that the portion of Ground 1(a) alleging that the state district court erred by permitting amendment to the charging instrument after trial testimony and the presentation of evidence in violation of the Fourteenth Amendment is not exhausted.

### ii.    Ground 8

In Ground 8, Bailey alleges that appellate counsel rendered ineffective assistance for changing Bailey's spoliation claim regarding the District Attorney's failure to provide the victim's toxicology report into a *Brady* claim to protect the State (ECF No. 4 at 17).  Respondents argue that this claim is unexhausted because in his state postconviction appeal, Bailey raised the claim that his counsel was ineffective for failing to raise a spoliation claim.  Respondents assert that the federal claim is fundamentally different because Bailey never presented the arguments that counsel raised a *Brady* claim instead of a spoliation claim or that counsel was acting to protect the State.

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). "A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014).

The additional factual allegations in the federal claim fundamentally alter the claim that was already considered by the state courts.  The new facts allege that Bailey's counsel changed the legal argument regarding the toxicology reports and that his counsel had a motive to protect the state.  While the Court is not convinced that the new factual allegations included in the federal claim would have changed the state district court's analysis, the state court did not have the opportunity to consider the issue on the facts that have been presented in Bailey's federal claim. Accordingly, the Court finds that Ground 8 is not exhausted.

1

*c.* **Application of *Martinez***

2

In his opposition to the motion to dismiss, Bailey cites *Martinez v. Ryan*, 566 U.S. 1,

3

(2012), and argues that he "was not provided an attorney during his post-conviction hearing" (ECF

4

No. 59 at 5). Bailey appears to argue that if Ground 1(a) is unexhausted, he can demonstrate good

5

cause and prejudice to excuse procedural default under *Martinez*. A claim may be considered

6

procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred."

7

*Sandgathe v. Maass*, 314 F.3d 371, 371 (9th Cir. 2002).

8

In *Martinez*, the Supreme Court held that the absence or inadequate assistance of counsel

9

in an initial review collateral proceeding may be relied upon to establish cause excusing the

10

procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. at 9. The Nevada

11

Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar under

12

Nevada state law. *Brown v. McDaniel*, 130 Nev. 565, 331 P.3d 867, 875 (Nev. 2014). Thus, a

13

Nevada habeas petitioner who relies upon *Martinez* – and only *Martinez* – as a basis for

14

overcoming a state procedural bar on an unexhausted claim can successfully argue that the state

15

courts would hold the claim procedurally barred but that he nonetheless has a potentially viable

16

cause and prejudice argument under federal law that would not be recognized by the state courts

17

when applying the state procedural bars.

18

Here, Bailey advances *Martinez* as a basis for excusing default of Ground 1(a), which is a

19

substantive claim that the state district court erred in permitting amendment to the charging

20

instrument. *Martinez*, however, provides an exception only for substantial claims of ineffective

21

assistance of trial counsel. It cannot supply cause to excuse the procedural default of a substantive

22

claim of trial court error. *Martinez*, 566 U.S. at 16-27. Therefore, *Martinez* does not apply. To

23

the extent Bailey asserts *Martinez* to excuse default of Ground 8, a claim of ineffective assistance

24

of appellate counsel, the Court reaches the same result. *See Davila v. Davis*, 137 S. Ct. 2058, 2061

25

(2017).

26

**III.     Petitioner's Motion Seeking Abeyance**

27

A federal court may not entertain a habeas petition unless the petitioner has exhausted

28

available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.*  In the instant case, the court dismisses Ground 1(a) to the extent it relies on the Fourth Amendment as well as Grounds 2(a), 3(a), 5(a), 16, and 17.  The Court further concludes that Ground 8 and the portion of Ground 1(a) alleging that the state district court erred by permitting amendment to the charging instrument after trial testimony and the presentation of evidence in violation of the Fourteenth Amendment are unexhausted.  Bailey seeks a stay and abeyance so that he may exhaust those claims in state court (ECF No. 88).  Respondents argue that Bailey fails to demonstrate good cause or that his claims are meritorious (ECF No. 89 at 2-3).

A district court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005).  Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).  The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Id.* at 1024.

"[G]ood cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006).  A statement that a habeas petitioner was *pro se* during his state post-conviction proceedings is sufficient to constitute good cause for failing to exhaust claims. *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017) (citing *Martinez v. Ryan*, 566 U.S. 1, 17 (2012)). Bailey provides that he did not have counsel (ECF No. 88 at 4).  The Court further finds that the unexhausted grounds are not "plainly meritless," and that Bailey has not engaged in intentionally dilatory litigation tactics.  Because Bailey has satisfied *Rhines* as to at least one claim, this habeas action will be stayed and held in abeyance until he has presented his

claims to the Nevada courts.  Accordingly, Bailey's motion is granted, and this action is stayed pending exhaustion of the unexhausted claims in the petition.

**IV.     Petitioner's Motion to Set Aside Repugnant Verdict**

In his motion to set aside repugnant verdict, Bailey asserts that he is being held illegally and requests that the Court set aside his state court guilty verdict and enter a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 (ECF No. 64 at 9-13).  Respondents argue that Bailey's motion is improper as the Federal Rules of Criminal Procedure do not apply to § 2254 petitions and Bailey's motion is redundant.  The Court agrees with respondents.  Bailey filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking a determination that his custody pursuant to a state-court judgment violates his constitutional rights.  AEDPA does not provide for a motion to set aside repugnant verdict and such motion is duplicative of the petition. Accordingly, the Court denies the motion to set aside repugnant verdict.

**V.      Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 12) is **GRANTED** in part as follows:

1.   Ground 1(a) to the extent it relies on the Fourth Amendment and Grounds 2(a), 3(a), 5(a), 16, and 17 are dismissed.

2.   The portion of Ground 1(a) alleging that the state district court erred by permitting amendment to the charging instrument after trial testimony and the presentation of evidence in violation of the Fourteenth Amendment is unexhausted.

3.   Ground 8 is unexhausted.

**IT IS FURTHER ORDERED** that petitioner's motion seeking abeyance (ECF No. 88) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is STAYED pending exhaustion of the unexhausted claims in the petition. The stay is conditioned upon petitioner litigating his state petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within 45 days of issuance of the remittitur by the Supreme Court of Nevada or Nevada

Court of Appeals at the conclusion of the state court proceedings.[4]

**IT IS FURTHER ORDERED** the Clerk of the Court is directed to ADMINISTRATIVELY CLOSE this action, until such time as this Court grants a motion to reopen the matter.

**IT IS FURTHER ORDERED** that petitioner's motion to set aside repugnant verdict (ECF No. 64) is **DENIED**.

DATED: March 22, 2021

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

---

[4] If *certiorari* review will be sought or thereafter is being sought, either party may move to extend the stay for the duration of such proceedings. *Cf. Lawrence v. Florida*, 549 U.S. 327, 335 (2007).