1
2
3          **UNITED STATES DISTRICT COURT**
4          **DISTRICT OF NEVADA**

5     ANTHONY BAILEY,                                Case No. 2:19-cv-01725-GMN-BNW
6                                Petitioner,
7          v.                                        **ORDER**
8     WARDEN BRIAN WILLIAMS, et al.,
9                                Respondents.

10         Petitioner Anthony Bailey, a *pro se* Nevada prisoner, commenced this habeas action by
11    filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 4).  Following
12    a stay and abeyance allowing Bailey to exhaust claims in state court, Bailey moved to reopen this
13    action and filed a new petition. (ECF Nos. 92, 93.)  Currently before the Court is Bailey's new
14    petition, which the Court construes as a Motion to Amend. (ECF No. 96.)  Also before the Court
15    are Bailey's Motion to Strike (ECF No. 101), Motion to Seal (ECF No. 102), and Motion for
16    Recusal (ECF No. 103).

17         **I.    Procedural History and Background**

18         A jury found Bailey guilty of one count of sexual assault with a deadly weapon, two counts
19    of possession or sale of document or personal identifying information to establish false status or
20    identity, and one count of misdemeanor coercion. (Ex. 255.)  On December 17, 2014, the state
21    district court entered the judgment of conviction, adjudicated Bailey a habitual criminal, and
22    sentenced him to a maximum term of life with the possibility of parole after a minimum of 10
23    years, plus a consecutive term of 16-48 months. (Ex. 282.)  Bailey appealed. (Ex. 307.)

24         The Nevada Supreme Court affirmed Bailey's conviction. (Ex. 330.)  Bailey then filed a
25    state habeas petition and following an evidentiary hearing, the state district court denied Bailey's
26    habeas petition. (Exs. 319 & 361.)  The Nevada Court of Appeals affirmed the denial of his state

27
28

1

1   postconviction habeas petition. (Ex. 388.)

2   On October 3, 2019, Bailey filed his federal habeas petition. (ECF No. 4.)  The Court

3   granted Respondents' motion to dismiss, in part, finding the portion of Ground 1(a) alleging that

4   the state district court erred by permitting amendment to the charging instrument after trial

5   testimony and the presentation of evidence and Ground 8 unexhausted. (ECF No. 90 at 12.)  The

6   Court also dismissed the portion of Ground 1(a) that relies on the Fourth Amendment and Grounds

7   2(a), 3(a), 5(a), 16, and 17 as noncognizable claims. (*Id.*)

8   The Court granted Bailey's motion seeking a stay and abeyance pending exhaustion of his

9   unexhausted claims. (ECF No. 90.)  In November 2022, the Court granted Bailey's motion to

10   reopen. (ECF No. 95.)  Bailey also filed a new petition, which the Court construes as a motion to

11   amend. (ECF Nos. 95, 96.)  Respondents argue that amendment would be futile, and that Bailey

12   filed his motion to amend with undue delay. (ECF No. 100.)  Bailey did not reply.

13   **II.      Discussion**

14   **a.  Motion to Amend**

15   Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given

16   "when justice so requires."  "Rule 15's policy of favoring amendments to pleadings should be

17   applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

18   Moreover, "[t]he district court is required to construe a *pro se* petition more liberally than it would

19   construe a petition drafted by counsel." *Knaubert v. Goldsmith*, 791 F.2d 722, 729 (9th Cir.), *cert.*

20   *denied*, 479 U.S. 867 (1986).

21   The Court "considers the following five factors to assess whether to grant leave to amend:

22   (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and

23   (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Natural*

24   *Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal punctuation omitted).  "[D]elay

25   alone—no matter how lengthy—is insufficient ground for denial of leave to amend." *Webb*, 655

26   F.2d at 980.

27   Respondents argue that the proposed amendment will cause undue delay and prejudice in

28

1    that Respondents "would have to devote significant resources to draft new pleadings based on an

2    amended petition, likely including drafting a new motion to dismiss." (ECF No. 100 at 6.)

3    Although the Court acknowledges the delay caused by the amendment, such delay does not

4    outweigh Bailey's need in this habeas corpus action to assert his claims.  Moreover, there is no

5    evidence of bad faith on Bailey's part.

6    Respondents further contend that amendment would be futile as certain claims are

7    noncognizable and either unexhausted or procedurally defaulted. (ECF No. 100 at 4-5.)  As

8    Respondents acknowledge, futility of amendment with respect to the argument that certain claims

9    are unexhausted is uncertain because Respondents do not have the complete records related to

10   Bailey's recent return to state court. (ECF No. 100 at 5.)  Respondents assert certain claims are

11   procedurally defaulted. (*Id*.)  A procedurally defaulted claim may not be barred from federal

12   review, however, "if the petitioner can demonstrate either (1) cause for the default and actual

13   prejudice as a result of the alleged violation of federal law, or (2) failure to consider the claims

14   will result in a fundamental miscarriage of justice. *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir.

15   2012); *see also Boyd v. Thompson*, 147 F.3d 1124, 1126-27 (9th Cir. 1998).  Accordingly, although

16   certain claims may be procedurally defaulted, such claims may nonetheless proceed if Bailey

17   makes the necessary showing to relieve the default.

18   Regarding the final factor, whether the party previously amended its pleadings, the Court

19   notes that Bailey has not previously been granted leave to file an amended petition.  Because

20   motions seeking leave to amend should be liberally granted, Bailey has not previously amended

21   his petition, and Bailey's proposed amendments are not necessarily futile, the Court will grant

22   Bailey's motion to amend.  The Court directs the Clerk of the Court to file the amended petition

23   currently in the docket at ECF No. 96.

24   **b.  Motion to Strike**

25   Bailey asserts that Respondents did not respond to a state court order upon his return to

26   state court to exhaust claims and did not respond to his informal appellate brief. (ECF No. 101 at

27   2.)  Bailey appears to request that the Court strike Respondents' opposition to Bailey's motion to

28

3

1    amend (ECF No. 100) or Exhibit A to their opposition (ECF No. 100-1.).  Bailey cites Rule 12 of

2    the Federal Rules of Civil Procedure in support of his request. (ECF No. 101 at 1.)  Respondents

3    argue that they are not precluded from raising arguments in federal court that they failed to raise

4    in state court. (ECF No. 107 at 2.)  They assert that they were not obligated to respond to Bailey's

5    informal appellate brief and did not waive any defenses by failing to respond. (*Id*.)

6            Rule 12 of the Federal Rules of Civil Procedure allows the Court to strike documents that

7    contain "redundant, immaterial, impertinent, or scandalous" matter.  Bailey fails to demonstrate a

8    sufficient basis for the Court to strike Respondents' opposition or Exhibit A to their opposition.

9    Accordingly, the motion is denied.

10           **c.   Motion to Seal**

11           Bailey filed a request for judicial notice attaching documents that do not comply with the

12   redaction requirements of LR IC 6-1(a)(1) and (3). (ECF No. 97 at 5.)  The Court sealed that

13   document because it contains personal-data identifiers and instructed Bailey to file a redacted

14   publicly available copy of ECF No. 97 that complies with the Local Rules. (ECF No. 99.)  LR IC

15   6-1(a)(1) states "[i]f an individual's social security number must be included, only the last four

16   digits of that number should be used."  LR IC 6-1(a)(3) states "[i]f an individual's date of birth

17   must be included, only the year should be used."

18           Bailey now appears to request that the Court seal ECF No. 97. (ECF No. 102.)  The Court

19   denies his request as moot as ECF No. 97 is already sealed.  The Court again instructs Bailey to

20   file a redacted publicly available copy of ECF No. 97 that complies with LR IC 6-1(a)(1)-(5) within

21   14 days of the entry of this order.  If Bailey fails to comply, the Court will strike ECF No. 97.

22           **d.   Motion for Recusal**

23           Bailey appears to request recusal on the basis that the undersigned previously worked with

24   Eighth Judicial District Court Judge Charles Thompson ("Thompson") and Clark County District

25   Attorney Elissa Luzaich ("Luzaich").[1] (ECF No. 103 at 2.)  He asserts that the undersigned and

26

27           [1] Bailey's assertion that the undersigned previously worked with Thompson or Luzaich is
incorrect.  The undersigned has not worked with either Thompson or Luzaich.  Nonetheless,

28

1    federal judges are "favoring public officials committing criminal acts. . ." (*Id*. at 3.)  Bailey also

2    refers to a separate case, Case No. 2:19-cv-0121-GMN.  Bailey, however, is not a party to such

3    matter and the undersigned did not preside over the matter.  Bailey refers to a separate case, Case

4    No. 2:22-cv-00306-GMN-VCF, wherein the undersigned adopted in full the Magistrate Judge's

5    Report and Recommendation dismissing Bailey's civil rights complaint regarding issues with the

6    parole board as a basis for recusal. (Case No. 2:22-cv-00306-GMN-VCF, ECF Nos. 5,8.)

7    Recusal is appropriate "where a reasonable person with knowledge of all the facts would

8    conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*,

9    987 F.2d 622, 626 (9th Cir. 1993) (citations omitted).  "The alleged prejudice must result from an

10   extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *United*

11   *States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).  Bailey has not demonstrated any facts upon

12   which the undersigned's impartiality might reasonably be questioned.  The Court finds that recusal

13   is neither justified nor necessary in this case.  The Court denies Bailey's motion for recusal.

14   **IT IS THEREFORE ORDERED** that Petitioner Anthony Bailey's Motion to Amend

15   (ECF No. 96) is **GRANTED**.

16   **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to file the first

17   amended petition currently in the docket at ECF No. 96.

18   **IT IS FURTHER ORDERED** that Respondents will have 60 days from the date of entry

19   of this order to answer or otherwise respond to the first amended petition.  Bailey may file a reply

20   within 60 days of service of the answer.  Local Rule LR 7-2(b) governs the response and reply

21   time to any motion filed by either party, including motions filed in lieu of a pleading.

22   **IT IS FURTHER ORDERED** that Petitioner's Motion to Strike (ECF No. 101), Motion

23   to Seal (ECF No. 102), and Motion for Recusal (ECF No. 103) are **DENIED.**

24   ///

25   ///

26   

27   employment, by itself, without any involvement in Petitioner's criminal case is insufficient for
     disqualification.

28

1    **IT IS FURTHER ORDERED** that Bailey must file a redacted publicly available copy of

2    ECF No. 97 that complies with LR IC 6-1(a)(1)-(5) within 14 days of the entry of this order.

3    DATED:  May 10, 2023

4

5    _____

     GLORIA M. NAVARRO
6    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28