UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BAILEY,<br><br>　　　　　　　　　Petitioner,<br>　v.<br>WARDEN BRIAN WILLIAMS, et al.,<br><br>　　　　　　　　　Respondents. | Case No. 2:19-cv-01725-GMN-BNW<br><br>**ORDER** |

　　　　Petitioner Anthony Bailey, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Following a stay and abeyance allowing Bailey to exhaust claims in state court, Bailey moved to reopen this action and filed a new petition, which the Court construed as a motion to amend and granted. ECF Nos. 92, 93, 109.  Currently before the Court is Bailey's Motion for Appointment of Counsel (ECF No. 111).  Also before the Court are Respondents' Motions to Extend (ECF Nos. 113, 117).

**　　I.　　Motion for Appointment of Counsel**

　　　　Following a jury trial, where Baily represented himself, the state court entered a judgment of conviction for one count of sexual assault with a deadly weapon, two counts of possession or sale of document or personal identifying information to establish false status or identity, and one count of misdemeanor coercion. Ex. 255.  Bailey first moved for appointment of counsel in October 2019. ECF No. 1-4.  The Court denied his motion finding that he "demonstrated sufficient ability to write and articulate his claims and requests in the petition and accompanying motion," and that the issues in the case "are not particularly complex." ECF No. 3 at 3.  Baily filed a second motion for appointment of counsel in April 2020. ECF No. 17.  The Court found that "[n]othing in Bailey's renewed motion demonstrates that the appointment of counsel is now warranted. ECF No. 19.  Bailey filed a third motion for appointment of counsel in

August 2020. ECF No. 65.  The Court again denied his motion finding that the appointment of counsel was not justified in this instance. ECF No. 80.

Bailey has now filed a fourth motion requesting appointment of counsel to assist him in this habeas case.  He asserts that the law librarian is depriving him of legal supplies in order to impede his litigation and to subject him to institutional infractions.  He further asserts the legal issues in this case are complex and warrant the appointment of counsel.

There is no constitutional right to appointed counsel in a federal habeas corpus proceeding.  *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)).  An indigent petitioner may request appointed counsel to pursue habeas relief.  18 U.S.C. § 3006A(a)(2)(B).  The decision to appoint counsel is generally discretionary.  *Id.* § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require").  However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims.  *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Bailey had filed numerous motions in this case and pursued post-conviction relief in state court following a grant of a stay and abeyance in this matter.  He has thus demonstrated sufficient ability to articulate his claims and seek relief in both the state and federal courts.  Further, Bailey's unsubstantiated allegation regarding legal supplies does not suggest that denial of counsel would amount to a due process violation.  For these reasons, the current motion fails to present a change in circumstances as it relates to the "interests of justice" standard.  The Court therefore denies the motion.

II.     **Motions to Extend**

Respondents seek an extension of time to file their response to the first amended petition. (ECF Nos. 117, 118.) The Court finds that the request is made in good faith and not solely for the purpose of delay, and therefore, good cause exists to grant the motions.  It is therefore ordered that Respondents' motions are granted *nunc pro tunc*.

### III. Striking ECF No. 97 for Failure to File Redacted Copy

In December 2022, Bailey filed a request for judicial notice attaching documents that do not comply with the redaction requirements of LR IC 6-1(a)(1) and (3). ECF No. 97 at 5. The Court sealed the document because it contains personal-data identifiers, such as an individual's social security number and date of birth, and instructed Bailey to file a redacted publicly available copy of ECF No. 97 that complies with the Local Rules. ECF No. 99.

Bailey then requested that the Court seal ECF No. 97. ECF No. 102. The Court denied his request and again instructed him to file a redacted publicly available copy within fourteen days of the Court's order. ECF No. 109. The Court warned that if Bailey did not comply, the Court would strike ECF No. 97. To date, Bailey has not complied with the Court's order by filing a redacted publicly available copy of ECF No. 97. Accordingly, the Court instructs the Clerk of the Court to strike ECF No. 97.

**IT IS THEREFORE ORDERED** that Petitioner Anthony Bailey's Motion for Appointment of Counsel (ECF No. 111) is **DENIED.**

**IT IS FURTHER ORDERED** that Respondents' Motions to Extend (ECF Nos. 113, 117) are **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that the Clerk of the Court strike ECF No. 97 from the docket.

DATED: February 9, 2024

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE