# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BAILEY, | Case No. 2:19-cv-01725-GMN-BNW |
| Petitioner, | |
| v. | ORDER |
| WARDEN BRIAN WILLIAMS, et al., | |
| Respondents. | |

Petitioner Anthony Bailey, a *pro se* Nevada prisoner, commenced this habeas action by filing an Amended Petition for Writ of Habeas Corpus (ECF No. 110) pursuant to 28 U.S.C. § 2254 to challenge his state court convictions of one count of Sexual Assault with a Deadly Weapon, two counts of Possession or Sale of Document or Personal Identifying Information to Establish False Status or Identity, and one count of Misdemeanor Coercion. Respondents move to dismiss the Amended Petition because it contains grounds that are untimely, procedurally barred, and/or not cognizable. ECF No. 118. Bailey did not file an opposition and the time to oppose has expired.

**Background**

Following a six-day jury trial, where Bailey represented himself, a jury found Bailey guilty, the state court adjudicated Bailey a habitual criminal, and sentenced him to a maximum term of life with the possibility of parole after a minimum of 10 years, plus a consecutive term of 16-48 months. ECF No. 47-2. On appeal, the Nevada Supreme Court affirmed his convictions. ECF No. 51-3.

Bailey then filed a state habeas Petition and following an evidentiary hearing, the state district court denied Bailey's state habeas Petition. The Nevada Court of Appeals affirmed the state district court's denial of relief. ECF No. 54-25. Bailey filed a second state habeas Petition

that the state court dismissed as procedurally barred. ECF No. 56-8. The Nevada Court of Appeals affirmed the denial of relief finding Bailey's second state habeas Petition was untimely and successive. ECF No. 104-4.

Bailey filed his federal habeas Petition. ECF No. 4. The Court granted Respondents' Motion to Dismiss, in part, dismissing Ground 1(a) to the extent it relies on the Fourth Amendment, Grounds 2(a), 3(a), 5(a), 16 and 17 as well as finding Ground 8 and the portion of Ground 1(a) alleging that the state district court erred by permitting amendment to the charging instrument after trial testimony and the presentation of evidence in violation of the Fourteenth Amendment unexhausted. ECF No. 90.

The Court granted Bailey's motion seeking a stay and abeyance and he filed a third state habeas Petition. ECF No. 104-7. The state court dismissed his third state habeas Petition as procedurally barred and the Nevada Court of Appeals affirmed. ECF Nos. 104-11, 106-1. The Court granted Bailey's motion to reopen. ECF No. 95. The Court construed his Amended Petition as a motion to amend and granted such motion. ECF No. 96.

Respondents assert that Bailey's Amended Petition is identical to his third state habeas Petition. They move to dismiss Bailey's Amended Petition because it contains claims that do not relate back to his timely-filed original Petition, claims that are procedurally barred, and claims that are not cognizable. ECF No. 118.

**Discussion**

Federal courts are barred from considering a state prisoner's habeas claim if the state courts denied his claim based on an independent and adequate state procedural rule. *Edwards v. Carpenter*, 529 U.S. 446, 454-55 (2000). Nevada's one-year statute of limitation[1] for post-conviction petitions and prohibition on second or successive post-conviction petitions are independent and adequate state procedural rules as applied in non-capital cases. *See, e.g.*, *Williams v. Filson*, 908 F.3d 546, 580 (9th Cir. 2018); *Bargas v. Burns*, 179 F.3d 1207, 1211–14

---

[1] NRS 34.726; NRS 34.810(2).

(9th Cir. 1999). Additionally, a federal court may consider a claim procedurally defaulted where "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). When a petitioner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (the miscarriage of justice exception ensures "that federal constitutional errors do not result in the incarceration of innocent persons").

To demonstrate cause, the petitioner must show that some external and objective factor impeded his efforts to comply with the procedural rule. *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012). Ignorance or inadvertence does not establish cause. *Murray v. Carrier*, 477 U.S. 478, 486–87 (1986). To show prejudice, a petitioner must prove not merely that the error created a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. *Carrier*, 477 U.S. at 494; *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019). To demonstrate a fundamental miscarriage of justice, a petitioner must show that the constitutional error complained of probably resulted in the conviction of an innocent person. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). This is a narrow exception, and it is reserved for extraordinary cases only. *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992).

Respondents argue that Grounds 1, 2, 3, 4, 5, 6, 6(a)[2], 7, 8, 9, 10, 12, 13, and 14 should be dismissed because they are barred by the procedural default doctrine. ECF No. 118 at 14-15. The Nevada Court of Appeals dismissed Bailey's third state habeas Petition as untimely and successive. *Id*. Although Bailey fails to specify where he exhausted each individual claim, Respondents assert that Bailey appears to rely on his claims brought in his third state habeas Petition to exhaust Grounds 1, 2, 3, 4, 5, 6, 6(a), 7, 8, 9, 10, 12, 13, and 14. *Id*. at 14.

---

[2] Although Bailey labels Ground 6(a) as a subclaim of Ground 6, Respondents refer to Ground 6(a) as an individual claim because it reads as a separate ground. ECF No. 118 at fn 9.

1  Bailey raised these claims in his third state habeas Petition. *See* ECF No. 104-7. The
2  state court dismissed his third state habeas Petition on procedural grounds and the Nevada Court
3  of Appeals affirmed finding his Petition untimely and successive. ECF Nos. 104-11, 106-1.
4  Therefore, these claims are barred in this federal action by the procedural default doctrine, unless
5  Bailey can show cause and prejudice regarding the procedural default, or unless he can show that
6  "a constitutional violation has probably resulted in the conviction of one who is actually
7  innocent." *Murray*, 477 U.S. at 496. Bailey does not attempt to make a showing of cause and
8  prejudice to overcome the procedural default regarding Grounds 1, 2, 3, 4, 5, 6, 6(a), 7, 8, 9, 10,
9  12, 13, and 14.

10  To the extent that Bailey asserts actual innocence to overcome the procedural default of
11  his claims, the Court finds that he fails to demonstrate actual innocence to excuse any procedural
12  bar of Grounds 1, 2, 3, 4, 5, 6, 6(a), 7, 8, 9, 10, 12, 13, and 14. Demonstrating actual innocence
13  is a narrow "gateway" by which a petitioner can obtain federal court consideration of habeas
14  claims that are otherwise procedurally barred, including claims filed after the expiration of the
15  federal limitations period. *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995). In this regard, "actual
16  innocence" means actual factual innocence, not mere legal insufficiency. *See, e.g., Sawyer v.*
17  *Whitley*, 505 U.S. 333, 339 (1992). "To be credible, [an actual innocence] claim requires
18  petitioner to support his allegations of constitutional error with new reliable evidence — whether
19  it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical
20  evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. The narrow *Schlup*
21  standard is satisfied only if the new, reliable evidence, together with the evidence adduced at
22  trial, demonstrates that it is more likely than not that no reasonable juror would have found the
23  petitioner guilty beyond a reasonable doubt. *Id.* at 329.

24  Bailey has not presented new reliable evidence demonstrating that he is actually innocent.
25  He merely makes conclusory statements that he believes he is actually innocent when asserting
26  his claims. Such conclusory statements do not approach the standard set in *Schlup* and do not
27  establish that it is more likely than not that no reasonable juror would have convicted Bailey in
28

light of new evidence. Accordingly, Grounds 1, 2, 3, 4, 5, 6, 6(a), 7, 8, 9, 10, 12, 13, and 14 are barred by the procedural default doctrine, and will be dismissed.

Respondents also assert that Grounds 2, 6, 10, 12, and 13 are untimely because they do not relate back to Bailey's timely-filed original Petition and that Grounds 1, 3, 4, 6, 6(a), 7, 8, 9, 10, and 14 should be dismissed as not cognizable. Because the Court determined that Grounds 1, 2, 3, 4, 5, 6, 6(a), 7, 8, 9, 10, 12, 13, and 14 are barred by the procedural default doctrine, the Court need not reach whether the claims are untimely or not cognizable. *See Cooper v. Neven*, 641 F.3d 322, 327-38 (9th Cir. 2011) (stating that when a particular issue is dispositive, a district court "need not consider alternative reasons for dismissing the petition").

### Conclusion

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 118) is **granted**, in part. Grounds 1, 2, 3, 4, 5, 6, 6(a), 7, 8, 9, 10, 12, 13, and 14 are dismissed as barred by the procedural default doctrine.

**IT IS FURTHER ORDERED** that Respondents have until August 23, 2024, to file and serve an answer addressing the remaining claims in Bailey's Amended Petition.

**IT IS FURTHER ORDERED** that Bailey will have 60 days from the date of service of the Answer to file and serve a Reply.

DATED: July 24, 2024

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE