# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BAILEY,<br><br>                   Petitioner,<br>v.<br><br>BRIAN WILLIAMS, et al.,<br><br>                   Respondents. | Case No. 2:19-cv-01725-GMN-BNW<br><br>**ORDER** |

## I.  Introduction

In this habeas corpus action, pro se Petitioner Anthony Bailey filed a Motion for Reconsideration Under Rule 60(b) ("Motion for Reconsideration" (ECF No. 121)) of this Court's Order (ECF No. 120) granting, in part, Respondent's Motion to Dismiss Amended Petition ("Motion to Dismiss" (ECF No. 118)).  Additionally, Respondents filed a Motion for Enlargement of Time (Third Request) to file an Answer to the Amended Petition ("Motion for Extension of Time" (ECF No. 129)) requesting a deadline 30 days after the Court decides the Motion for Reconsideration.  Finally, Bailey filed a Motion requesting a Status Check on Reply to Respondents' Response to 60(b) Motion ("Motion for Status Check" (ECF No. 130)).  The Court will grant the Motion for Reconsideration (ECF No. 121); grant, in part, the Motion to Dismiss (ECF No. 118); grant the Motion for Extension of Time (ECF No. 129); and deny as moot the Motion for Status Check (ECF No. 130).

## II.  Background

A Nevada jury convicted Bailey of sexual assault and Bailey was sentenced as a habitual criminal to life with the possibility of parole after a minimum of 10 years, plus a consecutive term of 16–48 months. ECF No. 47-2 (Exhibit 282).  The judgment of conviction was affirmed on direct appeal. ECF No. 51-3 (Exhibit 330).

On May 18, 2016, while Bailey's state direct appeal was pending, he filed a pro se

Motion Seeking Permission to File Writ of Habeas Corpus alleging appellate counsel was ineffective for failing to pursue various claims on direct appeal. ECF No. 50-10 (Exhibit 319). The state district court treated the motion as a Petition for Writ of Habeas Corpus and ordered a response from the State. ECF No. 50-11 (Exhibit 320). The State filed a response addressing the claims. ECF Nos. 50-18 at 7, 10–11 (Exhibit 327 at 7, 10–11). Rather than dismiss the petition due to the pending appeal, the state district court set the matter for a status check. ECF No. 53-1 at 218 (Exhibit 363). After the Nevada Supreme Court affirmed the judgment on direct appeal, the state district court converted the status check to an evidentiary hearing. ECF Nos. 51-3 (Exhibit 330); 51-11 at 4–5 (Exhibit 338 at 4–5); 51-12 at 5 (Exhibit 339 at 5); 51-27 at 10 (Exhibit 354 at 10). Bailey's appellate counsel testified at the evidentiary hearing and the state district court denied the petition. ECF Nos. 52-1 at 3, 9 (Exhibit 360 at 3, 9); 52-2 at 7–15 (Exhibit 361 at 7–15). Bailey appealed and, on April 16, 2019, the Nevada Court of Appeals affirmed the denial of that first state petition. ECF Nos. 53-1 (Exhibit 363); 54-25 (Exhibit 388).

On July 1, 2019, Bailey filed a second state habeas petition; however, the Nevada Court of Appeals affirmed the denial of relief for that petition, finding it untimely and successive. ECF Nos. 55-9; 104-4 (Exhibits 397; 416).

On October 3, 2019, Bailey filed a federal petition (ECF No. 4) and the Court later dismissed certain grounds. ECF No. 90 at 3–4, 8–9. The Court, however, granted Bailey's motion for a stay and abeyance (ECF No. 88) so he could return to state court to exhaust Grounds 1(a) and 8. ECF No. 90 at 12.

On December 13, 2021, Bailey filed a third state habeas petition. ECF No. 104-7 (Exhibit 419). That third petition was dismissed as untimely, successive, and abusive, and denial of the petition was affirmed on appeal. ECF Nos. 104-11 (Exhibit 423); 106-1 (Exhibit 432).

On December 6, 2022, the Court granted Bailey's motions to reopen this federal proceeding and motion to amend the petition. ECF Nos. 92; 93; 95; 96; 109. Bailey's Amended Petition (ECF No. 110) invokes the "actual innocence doctrine" and alleges the following as violations of federal constitutional rights:

Ground 1: The trial court erred when it allowed the State to amend the charge,

without a grand jury proceeding, from "Sexual Assault *With* the Use of A Deadly Weapon" to "Sexual Assault *Without* Use of Deadly Weapon," and instructing the jury it could find Bailey guilty based on the newly amended charges, which relieved the prosecution of its burden to prove the originally charged offenses;

Ground 2: Ineffective assistance of appellate counsel for not arguing the implied acquittal doctrine;

Ground 3(a): The prosecution and sentencing court conspired to amend the charge because the state could not prove the use of a deadly weapon resulting in his conviction and sentence for a non-existent crime;

Ground 3(b): Ineffective assistance of appellate counsel for not arguing Bailey was convicted and sentenced based on a nonexistent crime;

Ground 3(c): Ineffective assistance of appellate counsel for not challenging the number of days credit for time served Bailey received at sentencing;

Ground 4: Insufficient evidence supports his convictions because the prosecution never established the occurrence of a sexual assault with the use of a deadly weapon due to a lack of evidence in the CSI report and because the sexual assault examination did not support the victim's statements to the 911 operator;

Ground 5: Ineffective assistance of pretrial and appellate counsel for not arguing insufficient evidence supported probable cause for the charge;

Ground 6: The State concealed or destroyed the victim's toxicology report, which would have revealed the victim was under the influence of PCP (Phencyclidine) at the time she made the 911 call, in violation of the spoilation doctrine;

Ground 6(a)(1): Ineffective assistance of appellate counsel for failing to pursue a claim that probable cause to support Bailey's arrest was based on the victim's false statements to the 911 operator;

Ground 6(a)(2): Ineffective assistance of appellate counsel for not arguing Bailey was entitled to the result of the urine sample taken from the victim during the sexual assault examination and that the prosecution improperly withheld that toxicology report, which would have shown the victim was under the influence of PCP at the time of the call to the 911 operator;

Ground 7: The search of Bailey's wallet without a warrant and without his consent constituted a violation of the Fourth and Fourteenth Amendments and the actual innocence doctrine;

Ground 8: Ineffective assistance of appellate counsel for not arguing the DNA evidence was fabricated or compromised;

Ground 9: The trial court erred by preventing forensic lab employees, who had a history of falsifying information, from testifying and their testimony would have revealed falsification of the DNA evidence, in violation of the rights to Compulsory Process, Confrontation, and Equal Protection;

Ground 10: Prison officials failed to comply with the trial court's directive that they conduct a psychosexual analysis before Bailey's 2019 parole hearing;

Ground 11: Ineffective assistance of appellate counsel for not arguing the State engaged in ex parte communication with the trial judge to obtain a material-witness warrant for the victim;

Ground 12: Ineffective assistance of appellate counsel for failing to notify the appellate court that the charging information did not include notice of intent to seek habitual criminal treatment;

Ground 13: Ineffective assistance of appellate counsel due to a conflict of interest

      because appellate counsel's status as an independent contractor prevented counsel from providing effective assistance; and

      Ground 14: The trial court excluded evidence and witnesses in violation of the rights to present a defense, a Fair Trial, and Compulsory and Due Process.

ECF No. 110 at 6–42.

      Respondents Motion to Dismiss argues Grounds 2, 6, 10, and 12–13 are untimely, Grounds 1, 3–4, 6–10 and 14, and claims of actual innocence, are not cognizable, and Grounds 1–10 and 12–14 are procedurally defaulted, and Bailey has not demonstrated he can show cause and prejudice to overcome the defaults. ECF No. 118 at 11–23. The Court granted the Motion to Dismiss in part, by dismissing Grounds 1–10 and 12–14, as barred by the procedural default doctrine. ECF No. 120. The Court concluded the claims must be dismissed because they were included in the third state habeas petition that was procedurally barred by the state courts and Bailey failed to demonstrate actual innocence or any other basis to establish cause and prejudice to overcome the defaults. *Id.*

**III.    Discussion**

    **A.    Motion for Reconsideration**

      Bailey filed a Motion for Reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 121. The Court begins by pointing out that it is irrelevant that Bailey characterized his Motion for Reconsideration as one for relief from a judgment or order under Fed. R. Civ. P. 60(b). "[T]he label attached to a motion does not control its substance." *Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000); *United States v. State of Or.*, 769 F.2d 1410, 1414 n.4 (9th Cir. 1985) ("[t]he label attached to a motion does not control its substance.").

      "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). This plenary power derives from the common law and is not limited by the provisions of the Federal Rules of Civil Procedure. *See id.* at 886–87. The power to reconsider or amend an interlocutory order is not subject to the limitations of Rule 59. *See id.* at 885. Under Rule 54(b) of the Federal

Rules of Civil Procedure, interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

Other districts in the Ninth Circuit have local rules governing motions to reconsider an interlocutory order; however, the District of Nevada uses "[t]he standard for a motion to alter or amend judgment under Rule 59(e)." *See, e.g.*, *Hanson v. Pauli*, No. 3:13-CV-00397-MMD, 2015 WL 162987, at *1 (D. Nev. Jan. 13, 2015); *Evans v. Inmate Calling Sols.*, No. 3:08-CV-0353-RCJ-VPC, 2010 WL 1727841, at *1 (D. Nev. Apr. 27, 2010). A motion to reconsider must state (1) a valid reason to revisit the prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *See Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (using this standard for motion for reconsideration of district court's denial of a motion to dismiss). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, (3) if there is an intervening change in controlling law[,]" or (4) there are "highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

The Court concludes Bailey has presented the Court with facts of a "strongly convincing nature" in support of reversing the prior decision by pointing out some of the claims that were previously dismissed as procedurally defaulted were exhausted during the first state habeas proceeding. ECF No. 121 at 59–67. Accordingly, the Court grants the Motion for Reconsideration (ECF No. 121) of is prior order granting the Motion to Dismiss (ECF No. 120).

      **B.**    **Motion to Dismiss Amended Petition**

           **1.**    **Timeliness**

Respondents assert Grounds 2, 6,[1] 10, 12, and 13 are untimely and do not relate back to the timely original Petition. ECF No. 118 at 11–13. Bailey's original petition was timely filed on

---

[1] Because the Court will dismiss Ground 6 as not cognizable, *see infra* p. 9, it need not consider its timeliness.

5

September 15, 2019; however, his Amended Petition was untimely filed on November 6, 2022.[2]

A new claim in an amended petition filed after the expiration of the one-year limitation period for filing a federal habeas petition is timely only if the new claim relates back to a claim in a timely-filed pleading. *See* Fed. R. Civ. P. 15(c). "Relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005). An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type" from allegations in a timely petition. *Id.* at 650. "[T]he relation back doctrine of Rule 15(c) is to be liberally applied." *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n.29 (9th Cir. 1982). Documents filed pro se are likewise liberally construed. *See Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020).

### a. Ground 2

Bailey alleges he received ineffective assistance when his appellate counsel failed to argue the jury's not-guilty verdict for the charge of Sexual Assault With Use of a Deadly Weapon implied an acquittal for Sexual Assault Without a Deadly Weapon, an alleged non-existent offense. ECF No. 110 at 10. The motion to dismiss is denied because the claim shares a common core of operative facts with the original petition's Ground 2. ECF No. 4 at 5.

### b. Ground 10

Bailey alleges prison officials failed to conduct a psychosexual analysis before Bailey's 2019 parole board appearance. ECF No. 110 at 29–30. This claim is dismissed as untimely because it does not relate back to the original petition.

---

[2] The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year, *i.e.*, 365 days, limitation period for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The limitation period begins to run, as relevant here, on the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Bailey's judgment was final on December 29, 2016 (90 days after the Nevada Supreme Court issued its order of affirmance on direct appeal on September 30, 2016). ECF No. 51-3 (Exhibit 330). Because Bailey filed his first state habeas petition before the conclusion of his state direct appeal, no time tolled between the finality of his judgment and the completion of the first state habeas appeal on May 13, 2019. ECF Nos. 50-10 at 11 (Exhibit 319 at 11); 55-6 (Exhibit 394). Bailey had 365 days from issuance of remittitur following the first state postconviction review proceeding to timely file his federal habeas petition, i.e., until May 12, 2020. Bailey's original federal petition was timely filed on September 15, 2019, but his Amended Petition was untimely because it was filed on November 9, 2022. ECF Nos. 4; 110.

### c. Ground 12

Bailey alleges he received ineffective assistance of appellate counsel for failing to argue the charging instrument lacked notice of intent to seek a habitual criminal sentence. ECF No. 110 at 34–35. The motion to dismiss is denied as the claim relates back to a common core of operative facts shared with the original petition's Ground 14. ECF No. 4 at 29.

### d. Ground 13

Bailey alleges ineffective assistance due to appellate counsel's conflict of interest as an independent contractor. ECF No. 110 at 36–38. The motion to dismiss is denied as the claim shares a common core of operative facts with the original petition's Ground 15. ECF No. 4 at 32.

## 2. Cognizability

Respondents argue Grounds 1, 3–4, 6–10,[3] 14, and Bailey's assertions of actual innocence, should be dismissed as not cognizable. ECF No. 118 at 15–22.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") gives a federal district court jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254. When conducting habeas review, unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable. *See Clayton v. Biter*, 868 F.3d 840, 845–46 (9th Cir. 2017) ("A petition may not be cognizable, for example, where the petitioner fails to allege a federal claim.") (citing *inter alia Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (holding federal habeas courts cannot review state court applications of state procedural rules)).

### a. Ground 1

Bailey alleges the state trial court erred by allowing the prosecution to amend the charge from Sexual Assault With the Use of a Deadly Weapon to Sexual Assault Without Use of a Deadly Weapon, without a grand jury proceeding, and instructing the jury it could find guilt for the amended charge, thus relieving the prosecution of its burden to prove the original charge. ECF No. 110 at 6–9. The Court previously ruled a similar claim, Ground 1(a) in the original

---

[3] The Court dismissed Ground 10 as untimely, so it need not consider whether it must be dismissed as non-cognizable.

petition, presented a colorable substantive claim that Bailey's Fourteenth Amendment rights were violated when the state district court permitted amendment of the charge. ECF No. 90 at 3–4, 8–9. The motion to dismiss Ground 1 as not cognizable is denied.

### b.    Ground 3

Bailey alleges (a): his conviction and sentence are based on a non-existent crime due to a conspiracy to amend the charge; (b) ineffective assistance of appellate counsel for not arguing Bailey was convicted and sentenced of a nonexistent crime; and (c) ineffective assistance of appellate counsel for not challenging the application of credit for time served that Bailey received at sentencing. ECF No. 110 at 11–13. Ground 3(a) is dismissed as a non-cognizable state-law claim. The motion to dismiss Grounds 3(b) and 3(c) is denied as they allege federal constitutional violations.

### c.    Ground 4

Bailey alleges insufficient evidence for sexual assault because of a lack of physical evidence in the CSI report, in the sexual assault examination, and a sworn complaint, to support the victim's false statements to the 911 operator. ECF No. 110 at 14–15. Although Respondents argue this claim relies on state law, it is liberally construed as a federal due process claim. *See Jackson v. Virginia*, 443 U.S. 307 (1979). The motion to dismiss as not cognizable is denied.

### d.    Grounds 6 and 6(a)

Ground 6 alleges the prosecution violated the spoilation doctrine by concealing or destroying the victim's toxicology report. ECF No. 110 at 18. Ground 6 is dismissed as a non-cognizable state-law claim. Ground 6(a) alleges (1) ineffective assistance of trial and appellate counsel for not arguing the lower state court lacked jurisdiction because the probable cause determination was based on the victim's false statements to the 911 operator; and (2) ineffective assistance of appellate counsel for not arguing the prosecution withheld a toxicology report showing PCP in the victim's urine at the time of her 911 call. ECF No. 110 at 19–22. The motion to dismiss Grounds 6(a)(1) and (2) as not cognizable is denied.

### e.    Ground 7

Bailey alleges a warrantless search of his wallet violated the Fourth Amendment. ECF

No. 110 at 23–24. The motion to dismiss is granted and the claim is dismissed as not cognizable under *Stone v. Powell*, 428 U.S. 465, 494 (1976), because Bailey had a full and fair opportunity to litigate this claim in state court. *See* ECF No. 90 at 3 (citing *Stone,* 428 U.S. 465).

### f. Ground 8

Bailey alleges he received ineffective assistance of appellate counsel for not arguing the DNA evidence was fabricated or compromised. ECF No. 110 at 25–26. The motion to dismiss this claim as not cognizable is denied.

### g. Ground 9

Bailey alleges the trial court erred by preventing forensic lab employees from testifying regarding the DNA evidence, in violation of Bailey's rights to Confrontation, Compulsory Process, and Equal Protection. ECF No. 110 at 27–28. The motion to dismiss Ground 9 as not cognizable is denied because it alleges violations of federal constitutional rights.

### h. Ground 14

Bailey alleges the trial court improperly excluded evidence and witnesses in violation of the right to a Fair Trial, Compulsory Process, Due Process, and the right to present a complete defense. ECF No. 110 at 39–42. Ground 14 is related to Ground 9 as they each allege violations of the right to a meaningful opportunity to present a complete defense, which is derived from either the federal Confrontation or Compulsory Process rights. The motion to dismiss is denied.

### i. Actual Innocence

Respondents argue Bailey's freestanding actual innocence claims, alleged throughout the Amended Petition, must be dismissed as not cognizable because neither the Supreme Court nor the Ninth Circuit Court of Appeals has determined that a freestanding claim of actual innocence is cognizable on federal habeas review. ECF No. 118 at 22.

Bailey's Amended Petition (ECF No. 110) invoked the "actual innocence doctrine." ECF No. 110 at 1. However, it does not appear that Bailey raised a freestanding claim of actual innocence as each of his allegations is tethered to a constitutional violation. For Grounds 2, 3, and 4, he alleges he "believes" he is actually innocent based on the corresponding alleged constitutional violations. ECF No. 110 at 10, 11, 14. In Grounds 1, 7, 8, and 9, he alleges that

certain allegations of constitutional violations resulted in a violation of the "actual innocence doctrine." ECF No. 110 at 6, 23, 25, 27. It appears that Bailey invokes actual innocence language either to overcome the procedural default of his claims or as argument that the State could not prove its case against him, that he was wrongfully convicted of an offense for which he was not originally charged and allegedly does not exist, and that he would not have been convicted but for the alleged constitutional errors. ECF No. 110 at 6–42.

To the extent Bailey has alleged a freestanding claim of actual innocence, given the open nature of this question, the cognizability argument is more appropriately addressed in connection with the merits of Bailey's Amended Petition. And to the extent Bailey asserts actual innocence to overcome the procedural default of his claims, the claim of actual innocence is cognizable because a demonstration of actual innocence is a "gateway" by which a petitioner can obtain federal court consideration of habeas claims that are otherwise procedurally barred, including claims filed after the expiration of the federal limitations period. *See Schlup v. Delo*, 513 U.S. 298, 314–15 (1995). The Court denies the motion to dismiss any freestanding actual innocence claims, and actual-innocence claims alleged to overcome the procedural default of claims, as non-cognizable, without prejudice to Respondents renewing the argument in their Answer.

### 3. Procedural Default

Respondents move to dismiss Grounds 1–10 and 12–14[4] as procedurally barred. ECF No. 118 at 14–22. They argue the Nevada Supreme Court did not consider the claims raised in Bailey's third state habeas petition, and the Amended Petition is identical to that third state petition, so the claims in the Amended Petition should be dismissed as procedurally defaulted. *Id.* Bailey fails to specify where he exhausted each individual claim that he alleged in the Amended Petition. However, upon reconsideration of the Motion to Dismiss, and liberally construing the pro se filings, the Court concludes that some of Bailey's claims are not procedurally defaulted because, notwithstanding they may have been duplicated in the procedurally defaulted third state habeas petition, some of the claims were exhausted during the

---

[4] Because the Court dismissed Grounds 6(a)(2) and 10 as untimely, Grounds 3(a), 6, and 7 as not cognizable, it need not address whether they are procedurally defaulted.

Case 2:19-cv-01725-GMN-BNW    Document 131    Filed 02/12/25    Page 11 of 16

first state habeas proceeding.

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *See O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

"Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation omitted). Petitioners may reformulate their claims so long as the substance of their arguments remain the same. *See Picard v. Connor*, 404 U.S. 270, 278 (1971). Petitioners may argue additional facts to support their claims so long as those facts do not fundamentally alter the legal claims that were presented to the state courts. *See, e.g., Vazquez v. Hillery*, 474 U.S. 254, 260 (1986).

"A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014). "[T]his rule allows a petitioner who presented a particular [ineffective assistance of counsel] claim, for example, that counsel was ineffective in presenting humanizing testimony at sentencing, to develop additional facts supporting that particular claim." *Poyson v. Ryan*, 879 F.3d 875, 895 (9th Cir. 2018) (quoting *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005)). However, "[i]t does not mean . . . that a petitioner who presented an ineffective assistance of counsel claim below can later add unrelated alleged instances of counsel's ineffectiveness to his claim." *Id*.

Procedural default occurs when a state prisoner's habeas claim was denied based on an

independent and adequate state procedural rule. *See Edwards v. Carpenter*, 529 U.S. 446, 454–55 (2000). Nevada's one-year statute of limitation for post-conviction petitions and prohibition on second or successive post-conviction petitions are independent and adequate state procedural rules as applied in non-capital cases. *See, e.g., Williams v. Filson*, 908 F.3d 546, 580 (9th Cir. 2018); *Bargas v. Burns*, 179 F.3d 1207, 1211–14 (9th Cir. 1999). When a petitioner "procedurally defaults" a federal claim, habeas review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). *See also McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons.").

To demonstrate cause, the petitioner must show that some external and objective factor impeded his efforts to comply with the procedural rule. *See Maples v. Thomas*, 565 U.S. 266, 280–81 (2012). To show prejudice, a petitioner must prove not merely that the error created a possibility of prejudice, but the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. *See Murray v. Carrier,* 477 U.S. 478, 494 (1986); *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019). To demonstrate a fundamental miscarriage of justice, a petitioner must show that the constitutional error complained of probably resulted in the conviction of an innocent person. *See Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). This is a narrow exception, and it is reserved for extraordinary cases only. *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992).

### a.   Ground 1

Bailey alleges the state trial court erred by allowing the prosecution to amend the charge from Sexual Assault With Use of a Deadly Weapon to Sexual Assault Without Use of a Deadly Weapon, without a grand jury proceeding, and instructing the jury it could find guilt for the new charge, thereby relieving the prosecution of its burden to prove the original charge. ECF No. 110 at 6–9. The Court previously dismissed a similar claim alleged in Ground 1(a) of the original

petition as unexhausted, allowed Bailey to return to state court to exhaust the claim, and the claim was procedurally barred in the state courts. ECF Nos. 90 at 12; 104-11 (Exhibit 423); 106-1 (Exhibit 432). Bailey now raises, as he did in the third state petition, a claim of actual innocence to overcome the procedural default for this claim. ECF No. 110 at 6–9.

A convincing showing of actual innocence may enable habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims. *See Schlup*, 513 U.S. at 314–16; *McQuiggin*, 569 U.S. at 386 (2013). To show actual innocence, "a petitioner must show that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt'." *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002) (quoting *Schlup*, 513 U.S. at 316). *See also Bousley v. United States*, 523 U.S. 614, 623 (1998). A petitioner must establish factual innocence of the crime, and not mere legal insufficiency. *See id.*; *Jaramillo v. Stewart*, 340 F.3d 877, 882–83 (9th Cir. 2003). "To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324. The *Schlup* standard is satisfied only if new, reliable evidence, together with the evidence at trial, demonstrates it is more likely than not no reasonable juror would find the petitioner guilty beyond a reasonable doubt. *See id.* at 329.

Bailey's argument is not based on new reliable evidence demonstrating factual innocence; rather, his argument is the trial court erred by allowing the amendment of the charge so the jury could convict Bailey of an offense different than the original charge. ECF No. 110 at 6–9. Accordingly, the motion to dismiss Ground 1 as procedurally defaulted is granted.

    **b.**  **Ground 2**

Bailey alleges he received ineffective assistance of appellate counsel for not arguing the jury's not-guilty verdict on the original charge implied acquittal for the amended charge. ECF No. 110 at 10. The motion to dismiss is denied as the Nevada Court of Appeals considered Bailey's claim during the initial state habeas proceeding. ECF No. 54-25 at 3 (Exhibit 388 at 3).

    **c.**  **Ground 3**

Ground 3(b) alleges ineffective assistance of appellate counsel for not arguing Bailey was convicted and sentenced for a nonexistent crime. ECF No. 110 at 11–13. The motion to dismiss Ground 3(b) as procedurally defaulted is denied as the claim was exhausted during the initial state habeas proceeding. ECF No. 54-25 at 3–4 (Exhibit 388 at 3–4). Ground 3(c) alleges ineffective assistance of appellate counsel for not challenging the credit for time served Bailey received at sentencing. ECF No. 110 at 11–13. The motion to dismiss Ground 3(c) as procedurally defaulted is granted. The claim was presented in the third state habeas proceeding, which was procedurally barred under state-law, and Bailey has not established cause and prejudice or any other basis to overcome the default. ECF Nos. 50-10 (Exhibit 319); 54-25 (Exhibit 388); 104-7 at 14 (Exhibit 419 at 14); 104-11 (Exhibit 423); 106-1 (Exhibit 432).

### d. Ground 4

Bailey alleges there is insufficient evidence that a sexual assault occurred because of a lack of physical evidence in the CSI report and in the sexual assault examination, or a sworn complaint, to support the victim's statements to the 911 operator. ECF No. 110 at 14–15. The motion to dismiss Ground 4 as procedurally defaulted is granted. The claim was exhausted during the third state habeas proceeding which was procedurally barred, and Bailey does not demonstrate cause and prejudice or actual innocence to overcome the default. ECF No. 54-25 at 5 (Exhibit 388 at 5).

### e. Ground 5

Bailey alleges he received ineffective assistance from pretrial and appellate counsel for not arguing insufficient evidence supported probable cause to hold Bailey to answer to the charges. ECF No. 110 at 16–17. The motion to dismiss Ground 5 as procedurally defaulted is denied because, liberally construed, the claims were exhausted during the initial state habeas proceeding. ECF No. 54-25 at 4 & n.2 (Exhibit 388 at 4 & n.2).

### f. Ground 6(a)

Ground 6(a) alleges ineffective assistance of appellate counsel for not arguing (1) the lower court lacked jurisdiction because the finding of probable cause to arrest was based on the victim's false statements to the 911 operator; and (2) Bailey was entitled to the result of the urine

sample taken from the victim during the sexual assault examination and the prosecution improperly withheld the toxicology report, which would have shown the victim was under the influence of PCP at the time of her 911 call. ECF No. 110 at 19–22. These allegations were exhausted during the initial state habeas proceeding. ECF No. 54-25 at 4 & n.2, 6 (Exhibit 388 at 4 & n.2, 6). The motion to dismiss these claims as procedurally defaulted is denied.

### g. Ground 8

Bailey alleges ineffective assistance of appellate counsel for not arguing Bailey should have been released from pretrial custody due to questionable DNA reports. ECF No. 110 at 25–26. The motion to dismiss this claim as procedurally defaulted is denied as the claim was exhausted during the initial state habeas proceeding. ECF No. 54-25 at 6–7 (Exhibit 388 at 6–7.)

### h. Ground 9

Bailey alleges the trial court erred by preventing forensic lab employees from testifying in violation of the rights to Compulsory Process, Confrontation, and Equal Protection. ECF No. 110 at 27–28. The motion to dismiss is denied as the claim was exhausted on direct appeal. ECF No. 51-3 at 5–6 (Exhibit 330 at 5–6).

### i. Ground 12

Bailey alleges ineffective assistance of appellate counsel for not arguing the charging instrument did not notice the State's intent to seek habitual criminal treatment. ECF No. 110 at 34–35. This claim was neither fairly presented nor addressed by the Nevada Court of Appeals during the initial state habeas proceeding. ECF Nos. 50-10 (Exhibit 319); 54-25 at 9 (Exhibit 388 at 9). The claim was instead raised in the third state habeas petition and rejected by the state courts on procedural grounds. ECF Nos. 104-11 at 29–30 (Exhibit 423 at 29–30); 106-1 (Exhibit 432). Ground 12 is dismissed as procedurally defaulted as Bailey has not demonstrated cause and prejudice, any other basis, to overcome the default of this claim.

### j. Ground 13

Bailey alleges ineffective assistance of appellate counsel due to a conflict of interest as an independent contractor. ECF No. 110 at 36–38. The motion to dismiss the claim is denied as it was exhausted during the initial state habeas proceeding. ECF No. 54-25 at 10.

### k. Ground 14

Bailey alleges the trial court improperly excluded evidence and witnesses in violation of his rights to a Fair Trial, Compulsory Process, Due Process, and to present a complete defense. ECF No. 110 at 39–42. Ground 14 is related to Ground 9, which was exhausted on direct appeal. The motion to dismiss Ground 14 as procedurally defaulted is denied.

## IV. Conclusion

**IT IS THEREFORE ORDERED** that Petitioner Anthony Bailey's Motion to Reconsider (ECF No. 121) is **granted**.

**IT IS FURTHER ORDERED** that the Court's Order (ECF No. 120) is hereby **rescinded**.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (ECF No. 118) is **granted**, **in part** as follows:

1. Grounds 6(a)(2) and 10 are dismissed as untimely;
2. Grounds 3(a), 6, and 7, are dismissed as not cognizable; and
3. Grounds 1, 3(c), 4, and 12 are dismissed as barred by the procedural default doctrine.

**IT IS FURTHER ORDERED** that Respondents' Motion for Enlargement of Time (Third Request) to file an Answer to the Amended Petition (ECF No. 129) is granted. Respondents have until **30 days** after the entry of this Order to file and serve an Answer addressing the remaining claims in Bailey's Amended Petition. Bailey will have **60 days** from the date of service of the Answer to file and serve a Reply.

**IT IS FURTHER ORDERED** that Bailey's Motion requesting a Status Check on Reply to Respondents' Response to 60(b) Motion (ECF No. 130) is denied as moot.

DATED: February 12, 2025

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE