**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANTHONY BAILEY,

Petitioner,

v.

WARDEN BRIAN WILLIAMS, et al.,

Respondents.

Case No. 2:19-cv-01725-GMN-BNW

**ORDER**

Petitioner Anthony Bailey filed a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b) challenging the dismissal of his 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. ECF No. 153. In addition, Bailey requests recusal and reassignment of the case to a different judge.[1] ECF No. 157.

## I. Background

In his Amended Petition, Bailey challenged his state court convictions of one count of Sexual Assault with a Deadly Weapon, two counts of Possession or Sale of Document or Personal Identifying Information to Establish False Status or Identity, and one count of Misdemeanor Coercion. ECF No. 110. In July 2025, the Court denied Bailey's Amended Petition and denied a certificate of appealability. ECF No. 140. The Ninth Circuit also denied a certificate of appealability. ECF No. 150.

## II. Discussion

### a. Motion for Relief from Judgment

Rule 60(b) provides for relief from a district court's final judgment on six grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule

[1] Also before the Court is Respondents' Motion to Extend Time (ECF No. 154) to file their response to Bailey's Motion for Relief from Judgment, which the Court grants *nunc pro tunc*.

59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"Rule 60(b) 'allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). *See also Wood v. Ryan*, 759 F.3d 1117, 1119 (9th Cir. 2014). "In the habeas context, Rule 60(b) applies to the extent that it is not inconsistent with AEDPA'." *Hall*, 861 F.3d at 984 (citing *Gonzalez*, 545 U.S. at 529). *See also* 28 U.S.C. § 2254 Rule 11; Fed. R. Civ. P. 81(a)(2).

Bailey does not satisfy the requirements of Rule 60(b). As far as the Court can tell, he references fraud and reiterates arguments set forth in his Amended Petition that his judgment of conviction does not conform with Nevada law. ECF No. 153 at 2. "Rule 60(b)(3) permits a losing party to move for relief from judgment on the basis of 'fraud, ... misrepresentation, or other misconduct of an adverse party.'" *De Saracho v. Custom Food Mach., Inc.,* 206 F.3d 874, 880 (9th Cir.2000) (quoting Fed.R.Civ.P. 60(b)(3)). "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Id.* Bailey has failed to show by clear and convincing evidence that reconsideration is warranted pursuant to Rule 60(b)(3). The Court's ruling was based purely on the sufficiency of Bailey's claims as a matter of law.

Nevertheless, a petitioner "may not disguise a second or successive habeas petition by styling it as a Rule 60 motion to avoid AEDPA's filing restrictions." *Christian v. Thomas*, 982 F.3d 1215, 1220 (9th Cir. 2020). *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005) (stating that "a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition") (emphasis in original). Accordingly, to the extent Bailey re-argues the merits of his petition, his motion can be construed instead as a

second or successive petition.[2] Federal district courts lack jurisdiction to consider an unauthorized second or successive petition. 28 U.S.C. § 2244(b)(3) (requiring habeas petitioners to seek an order from the court of appeals authorizing the federal district court to consider a second or successive petition before such petition is filed). His motion is denied.

**b. Motion for Recusal and Reassignment**

Based on the undersigned judge's denial of his Amended Petition, he seeks to have this case reassigned to a different judge.[3] Under federal law, a judge shall recuse herself where she has a "personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1); see also 28 U.S.C. § 144 (permitting a party to file an affidavit setting forth facts and reasons as to a judge's personal bias or prejudice). However, the U.S. Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and are more likely proper grounds for appeal rather than recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Additionally, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Bailey has not demonstrated any grounds for recusal or reassignment. His motion is denied.

///

///

///

///

///

[2] Bailey would have to obtain authorization from the court of appeals before he could proceed with a second or successive petition. 28 U.S.C. § 2244(b)(3); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).

[3] The Court has already denied Bailey's same request for recusal and reassignment in a separate 42 U.S.C. § 1983 cause of action. *See Bailey v. Whipley*, Case No. 2:25-cv-2520-GMN-EJY.

## III. Conclusion

**IT IS HEREBY ORDERED** that Petitioner Anthony Bailey's Motion for Relief from Judgment (ECF No. 153) is denied.

**IT IS FURTHER ORDERED** that Respondents' Motion to Extend Time (ECF No. 154) is granted *nunc pro tunc*.

**IT IS FURTHER ORDERED** that Petitioner's Motion Requesting Chief Judge to Reassign (ECF No. 157) is denied.

DATED: October 6, 2026

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE